UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
GREGORY WALSH,                          )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )   Civil Action No. 14-0774 (ABJ)
                                        )
JPMORGAN CHASE BANK, NA, *et al.*,      )
                                        )
            Defendants.                 )
                                        )

## MEMORANDUM OPINION

Plaintiff Gregory Walsh brings this *pro se* action against defendants JPMorgan Chase Bank, N.A. ("JPMorgan Chase"), Wells Fargo Bank, N.A. ("Wells Fargo"), and Bank of New York Mellon ("BNY Mellon") (the "bank defendants"), Prince William County (Virginia) Sheriff Glendell Hill and the Prince William County (Virginia) Sheriff's Office (the "sheriff defendants"), and BWW Law Group, LLC ("BWW"). Compl. [Dkt. # 1]. In essence, plaintiff seeks to halt the planned foreclosures on two properties in Virginia. The six-count complaint advances numerous allegations of wrongdoing by defendants that plaintiff contends make the Virginia foreclosures invalid, including violations of the consent judgment entered in *United States v. Bank of America Corporation, et al.*, No. 12-cv-0361-RMC [Dkt. # 10, 14] (D.D.C. April 4, 2012) ("consent judgment"), the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, 42 U.S.C. §§ 1983, 1985, and 1986, and various other constitutional, statutory, and common law rights. Compl. ¶¶ 66–109.

All defendants except for BNY Mellon have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Sheriff Defs.' Mot. to Dismiss [Dkt. # 4] at 1 ("Sheriffs' Mot."); Def. BWW's Mot. to

Dismiss [Dkt. # 7] at 1 ("BWW Mot."); Mot. to Dismiss by Wells Fargo [Dkt. # 13] at 1 ("Wells Fargo Mot."); Def. JPMorgan Chase's Mot. to Dismiss & Incorporated Mem. of Law [Dkt. # 15] at 1 ("JPMorgan Chase Mot.").[1]  Defendant BNY Mellon has not yet responded to the complaint. Because the Court finds that plaintiff has failed to state any claim upon which relief can be granted, it will dismiss the complaint as to all defendants.[2]

## BACKGROUND

### I. Plaintiff's Allegations

According to the complaint, plaintiff is the owner of two properties located in Bristow, Virginia and Dumfries, Virginia. Compl. ¶ 1. Plaintiff alleges that "Defendants . . . have deliberately and with malice raced at break neck speed towards foreclosure and eviction of the Plaintiffs [sic] from their homes," *id.* ¶ 7, and that he will soon "suffer irreparable harm," *id.* ¶ 1. Plaintiff also contends that all of the defendants are working together to deprive him of his rights and his property under the direction of defendant Wells Fargo. *Id.* ¶ 3.

---

[1]  Defendants also variously contend that plaintiff's claims are barred by *res judicata*, JPMorgan Chase Mot. at 1; that the Court lacks subject matter jurisdiction, *id.*; Wells Fargo Mot. at 1; that venue is improper in this District, BWW Mot. at 1; Mem. of Law in Supp. of Wells Fargo Mot. [Dkt. # 13] at 12–14; and that the Court lacks personal jurisdiction over Sheriff Hill and the Prince William County Sheriff's Office, Sheriffs' Mot. at 1. Although all of these arguments raise serious questions that could potentially dispose of the case, because the Court finds that plaintiff has entirely failed to state a claim, it will not address them here.

[2]  Although BNY Mellon has not yet responded to the complaint, the Court will dismiss the complaint *sua sponte* as to that defendant pursuant to Rule 12(b)(6) because "it is 'patently obvious' that the plaintiff cannot possibly prevail based on the facts alleged in the complaint." *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 127 (D.C. Cir. 2012), quoting *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990); *see also Ananiev v. Freitas*, --- F. Supp. 2d ---, No. 13-00341(BAH), 2014 WL 1400857, at *5–*7 (D.D.C. Apr. 11, 2014) (*sua sponte* dismissing, pursuant to Rule 12(b)(6), a *pro se* foreclosure-related complaint against two banks and a law firm for violations of the *United States v. Bank of America* consent judgment, the FCA, and other constitutional, statutory, and common law rights).

Plaintiff alleges repeatedly throughout the sixty-five page complaint that the three bank defendants have engaged in improper practices that make the planned foreclosures on the Virginia properties invalid. For instance, plaintiff claims that Wells Fargo and BNY Mellon have "created several documents . . . which are designed to deceive the Plaintiffs [sic] and the Courts and [to] give [Wells Fargo] a defective and fraudulent interest in" the two Virginia properties. *Id.* ¶ 3. He also claims that the banks have not "proven their ownership interest in the note and have not proven their possession of the original note," *id.* ¶ 7, that the banks never "provided the proper notification regarding any alleged assignment of the note," *id.* ¶ 9, and that JPMorgan Chase has failed to comply with plaintiff's "lawful demand for them to Exhibit the instrument." *Id.* ¶ 10; *see also id.* ¶¶ 11, 14–24, 26, 28–30, 32–34, 36–37, 39, 42, 44, 46, 48–51, 56–57 (outlining the same and similar allegations about the improper foreclosure practices of the bank defendants). Plaintiff further contends that the bank defendants' actions violate the consent judgment and the Uniform Commercial Code ("UCC"). *See, e.g., id.* ¶¶ 1, 6–7, 9–11, 14–15, 17, 19–20, 23–25, 28, 36, 39–40, 42, 44, 47–50, 56, 63–64. And plaintiff claims that the bank defendants have conspired together to deprive him of his rights. *See id.* ¶ 36.

Plaintiff's allegations against the sheriff defendants stem from the claims he brings against the banks. The complaint explains that "[t]he Sheriff's [sic] Defendants are sued prospectively, in order to prevent irreparable harm from the planned foreclosures," *id.* ¶ 4, because the sheriff defendants "will be asked to assist the banks through their participation in an auction of the subject property and the issuance of a Sheriff's Deed, in violation of the consent [judgment]." *Id.* ¶ 23. Plaintiff further alleges that Sheriff Hill "either knew or should have known" that the bank defendants were violating the consent judgment and the UCC, and that he "has established [a] custom and policy for his department . . . to assist the five largest banks in

their foreclosure sales, even though they do not have a documented enforceable interest in the note and mortgage as required under the consent [judgment]." *Id.* ¶ 36.

The complaint does not contain any express allegations against defendant BWW. *See generally id.* In his opposition to BWW's motion to dismiss, however, plaintiff identifies BWW as a legal representative for Wells Fargo and JPMorgan Chase, and contends that it has "assisted the other Defendants in filing an eviction case to obtain unlawful control and ownership" of plaintiff's properties. Mem. of P. & A. in Supp. of Opp. to BWW Mot. [Dkt. # 19] ¶¶ 4–5 ("Pl.'s Opp. to BWW Mot."). In the opposition, plaintiff also argues that "business partners, agents, assigns and proxies" of Wells Fargo, such as BWW, are bound by the consent judgment "[b]y implication." *Id.* ¶ 40.

The complaint contains six counts styled as "Causes of Action" ("COA"). The first COA alleges that all defendants conspired together in violation of 42 U.S.C. §§ 1983, 1985, and 1986, and that the "[n]on-state actors employed and used the state actors and government organs and instrumentalities to carry out their unlawful activities." *Id.* ¶ 66. It further asserts that all defendants "intentionally inflicted emotional distress" on plaintiff by improperly seeking to foreclose on his property. *Id.* And it again repeats plaintiff's claim that "the Defendants have not established, with admissible evidence, that any of them are the holder of the note or the holder of the Deed of Trust," that documents related to the foreclosures are invalid, and that defendants have violated the consent judgment and the UCC. *Id.* ¶¶ 69–72.

The second, third, fourth, and fifth COA purport to state *qui tam* claims under the FCA on behalf of the United States government. *See id.* ¶¶ 73–103. These counts allege "wrongful conduct" by various defendants (and, in the third COA, by Bank of America, N.A., which is not a defendant in this case) including: the sale of mortgage-backed securities with false signatures,

*id.* ¶¶ 75–77, 81–83, 91–93, 99–101; false representations to the government that defendants "held good title to . . . notes and mortgages," including plaintiff's mortgages, *id.* ¶¶ 76–78, 82–83, 92–93, 100, 106; that the United States has made "payments and approvals" based on false claims by defendants, *id.* ¶¶ 78, 88, 97; the failure to pay "Millions of Dollars in Taxes" to the federal government, *id.* ¶ 96; and a conspiracy by all defendants to "violate[] state and federal laws and further[] an effort to transfer impaired securities to the Treasury, or other government funded entity." *Id.* ¶ 102.

The sixth and final COA seeks to enforce the consent judgment entered in *United States v. Bank of America* against all defendants for many of the violations described above, and contends that defendants have entered into a conspiracy to violate the consent judgment. *Id.* ¶¶ 104–109.

Plaintiff seeks "equitable relief, statutory damages, actual damages, reasonable attorney's fees, and costs," *id.* ¶ 111, as well as compensatory damages, pre-judgment and post-judgment interest and fines under the FCA, declaratory relief, an order compelling defendants to cease the foreclosure and eviction process, and punitive damages against all defendants "for engaging in acts of oppression, fraud, and malice." *Id.* ¶¶ 112–122.

## II. Procedural Background

Plaintiff filed his complaint on May 6, 2014. Compl. The sheriff defendants moved to dismiss on August 22, 2014, Sheriffs' Mot.; BWW moved to dismiss on August 26, 2014, BWW Mot.; and Wells Fargo moved to dismiss on September 22, 2014, Wells Fargo Mot. On September 23, 2014, the Court issued a *Fox* Order advising the *pro se* plaintiff that if he did not respond to those three motions to dismiss by October 20, 2014, the Court would treat the motions conceded as to those defendants. *Fox* Order [Dkt. # 14] at 2. Defendant JPMorgan Chase moved

5

to dismiss on September 23, 2014, JPMorgan Chase Mot., and the Court issued a second *Fox* Order on September 24, 2014, giving plaintiff the same October 20, 2014 deadline to respond to the JPMorgan Chase motion to dismiss. *Fox* Order [Dkt. # 17] at 2.

Plaintiff filed an opposition to the BWW motion to dismiss on October 22, 2014. Pl.'s Opp. to BWW Mot. Defendant JPMorgan Chase provided a copy of plaintiff's opposition to its motion to dismiss to the Court, which was docketed on October 30, 2014. *See* Pl.'s Opp. to JPMorgan Chase Mot. [Dkt. # 20]. Plaintiff did not file oppositions to the motions to dismiss by the sheriff defendants or Wells Fargo.[3] BWW filed a reply to plaintiff's opposition on October 30, 2014. Def. BWW's Reply to Pl.'s Opp. to BWW Mot. [Dkt. # 21]. JPMorgan Chase filed a reply to plaintiff's opposition on November 7, 2014. Reply Mem. in Supp. of JPMorgan Chase Mot. [Dkt. # 22].

Although it appears that BNY Mellon was timely served, *see* Aff. of Service [Dkt. # 23] at 2, no counsel for that defendant has entered an appearance in this case, nor has BNY Mellon responded to the complaint in any way. Plaintiff has not sought entry of default with respect to BNY Mellon.

## STANDARD OF REVIEW

In evaluating a motion to dismiss under Rule 12(b)(6), the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted). When a plaintiff proceeds *pro se*, the Court "take[s] particular care to

---

3   The Court notes that plaintiff's failure to respond to the motions to dismiss of the sheriff defendants and defendant Wells Fargo constitutes sufficient grounds alone for the Court to dismiss the complaint as to those defendants. *See Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988); *see also Fox* Order [Dkt. # 14].

construe the plaintiff's filings liberally, for such complaints are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Cheeks v. Fort Myers Constr. Co.*, 722 F. Supp. 2d 93, 107 (D.D.C. 2010), quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, quoting *Twombly*, 550 U.S. at 556. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679, quoting Fed. R. Civ. P. 8(a)(2). A pleading must offer more than "'labels and conclusions'" or a "'formulaic recitation of the elements of a cause of action,'" *id.* at 678, quoting *Twombly*, 550 U.S. at 555, and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* In ruling upon a motion to dismiss, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196

(D.D.C. 2002), citing *Equal Emp't Opportunity Comm'n v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

## ANALYSIS

The Court will grant defendants' motions and dismiss the complaint because plaintiff has failed to state any claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). First, plaintiff lacks standing to enforce the consent judgment entered in *United States v. Bank of America* because he is not a party to the agreement. Second, plaintiff has failed to satisfy the basic procedural and pleading requirements for his False Claims Act allegations. And third, plaintiff has failed to plead virtually any facts that would support his other statutory, constitutional, and common law allegations.

### I. Plaintiff lacks standing to enforce the consent judgment.

Plaintiff invokes the consent judgment in nearly every paragraph of the complaint, but all of his claims related to it must fail because plaintiff is not a party to the consent judgment and therefore lacks standing to enforce it. *See McCain v. Bank of America*, 13 F. Supp. 3d 45, 54 (D.D.C. 2014) (stating that the same consent judgment "simply does not create a private right of action allowing third parties, such as the plaintiff, to bring claims for alleged violations"); *Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123, 131–32 (D.D.C. 2013) (stating that an action to enforce the same consent judgment may only be brought by a party to the consent judgment). Moreover, plaintiff does not plead any facts that would suggest that he does have a right to enforce the consent judgment, instead relying solely on an inapposite Supreme Court opinion from 1838. *See* Pl.'s Opp. to JPMorgan Chase Mot. ¶¶ 1–2, 8, citing *City of Georgetown v. Alexandria Canal Co.*, 37 U.S. 91, 99 (1838) (holding that a private person seeking relief from a public nuisance in a court of equity can only obtain relief if he "avers and proves some special

injury"); *see also* Compl. ¶ 1. Therefore, plaintiff has failed to state a claim upon which relief can be granted, and the portions of the complaint relating to the consent judgment, including the sixth COA and parts of the first COA, must be dismissed.

## II. Plaintiff fails to state a claim under the False Claims Act.

In the second, third, fourth, and fifth COA, plaintiff purports to bring a *qui tam* action under the FCA. *See* Compl. ¶¶ 73–103. A *qui tam* action is a civil action brought by a private person – a "relator" – on behalf of the United States government for alleged violations of the FCA. *See* 31 U.S.C. § 3730(b)(1). Plaintiff has failed to meet the threshold procedural and pleading requirements for a *qui tam* action, and so his FCA claims will be dismissed.

First, it is well-settled that a *qui tam* action may not be brought by a *pro se* plaintiff. *See McCain*, 13 F. Supp. 3d at 57; *United States ex rel. Fisher v. Network Software Assocs.*, 377 F. Supp. 2d 195, 196 (D.D.C. 2005); *United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16–17 (D.D.C. 2003). Thus, the *pro se* plaintiff's FCA claims fail at the starting gate.

Second, plaintiff has failed to satisfy – or even to allege that he has satisfied – any of the procedural requirements for a *qui tam* action. A relator bringing a civil action for violations of the FCA must: (1) serve "[a] copy of the complaint and written disclosure of substantially all material evidence and information . . . on the Government"; (2) file the complaint *in camera* and under seal; and (3) refrain from serving the complaint on any defendant "until the court so orders." 31 U.S.C. § 3730(b)(2). In this case, there is no indication or allegation that plaintiff served his complaint and disclosures on the government, and plaintiff did not file his complaint under seal, nor did he await permission from the Court to serve the complaint on defendants.

In addition, plaintiff has not met the basic pleading standard for a fraud claim. "[B]ecause the False Claims Act is self-evidently an anti-fraud statute, complaints brought under it must comply with [Federal Rule of Civil Procedure] 9(b)." *United States ex rel. Totten v. Bombardier Corp.*, 286 F.3d 542, 551–52 (D.C. Cir. 2002). Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting [the] fraud." Fed. R. Civ. P. 9(b). Here, plaintiff does contend that various defendants presented false or fraudulent claims for payment or approval to the government. *See, e.g.*, Compl. ¶ 77 (alleging that all defendants "knowingly presented or caused to be presented a false or fraudulent claim for payment or approval" to a "government entity"); *id.* ¶ 83 (setting forth an identical allegation solely against defendant Wells Fargo and non-party Bank of America, N.A.). But plaintiff has entirely failed to "state with particularity the circumstances constituting [the] fraud" he alleges; indeed, it is difficult to divine from the complaint what exactly plaintiff alleges any particular defendant actually did. *See* Fed. R. Civ. P. 9(b). Plaintiff's FCA claims fail for this reason, as well.

Finally, the Court notes that the FCA "does not apply to claims, records, or statements made under the Internal Revenue Code of 1986." 31 U.S.C. § 3729(d). Therefore, to the extent plaintiff seeks in the third and fourth COA to bring FCA claims based on defendants' alleged avoidance of paying certain taxes, *see* Compl. ¶¶ 86, 96, those claims are not cognizable under the FCA.

For all of these reasons, plaintiff has failed to state a claim under the FCA, and his FCA allegations – including the second, third, fourth, and fifth COA – must be dismissed.

**III.    Plaintiff's other constitutional, statutory, and common law allegations fail to state a claim upon which relief can be granted.**

Although the gravamen of the complaint is plainly the claims related to the consent judgment and the FCA, plaintiff also alleges and alludes to various violations of his statutory,

constitutional, and common law rights. Even construing these allegations in the light most favorable to the plaintiff, however, none of them states a claim upon which relief may be granted.

*A. Plaintiff fails to state a claim for relief under sections 1983, 1985, and 1986.*

In the first COA, plaintiff alleges that defendants have violated 42 U.S.C. §§ 1983, 1985, and 1986. Compl. ¶ 66. But plaintiff fails to state a claim under any of these provisions.

Section 1983 provides relief to plaintiffs who show that their rights were deprived by a defendant acting "under color of" state law. 42 U.S.C. § 1983. As an initial matter, plaintiff has failed to plausibly allege that any of the private party defendants – the three banks and BWW – has acted under color of state law. To make this showing, plaintiff would need to plausibly allege the existence of "(1) some type of conspiracy or agreement between the state and the private party; (2) a demonstration that the parties shared common goals; and (3) conduct in furtherance of the conspiracy of the agreement that violates federally protected rights." *Coe v. Holder*, No. 13-cv-184(RLW), 2013 WL 3070893, at *2 (D.D.C. June 18, 2013), citing *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 941 (1982), and *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980). But plaintiff merely contends that the "[n]on-state actors employed and used the state actors and government organs and instrumentalities to carry out their unlawful activities," Compl. ¶ 66, and does not specify how or when this occurred. This conclusory statement, without more, is not entitled to credence. *See Iqbal*, 556 U.S. at 678. Moreover, if plaintiff intended to allege that the private defendants might act under color of state law through the sheriff defendants and the use of judicial foreclosure proceedings, that claim would not be sufficient to establish a violation of section 1983, either. *See Coe*, 2013 WL 3070893, at *2 (collecting cases). Therefore, plaintiff's

section 1983 claim fails as to defendants Wells Fargo, JPMorgan Chase, BNY Mellon, and BWW.

Moreover, the section 1983 claim also fails as to state actor defendants Sheriff Hill and the Prince William County Sheriff's Office because plaintiff has not identified any action taken by either defendant that violated his rights.[4] Indeed, plaintiff expressly acknowledges that "[t]he Sheriff's [sic] Defendants are sued prospectively," based on the harm he anticipates suffering in future foreclosure proceedings. Compl. ¶¶ 4, 23. But even if those foreclosures do come to pass, and even if suing for prospective relief were appropriate in this case, plaintiff has failed to plausibly allege that the foreclosures would violate his rights for the reasons stated elsewhere in this opinion.

Section 1985 provides relief from three types of conspiracies: (1) a conspiracy to prevent a person from holding public office or discharging the duties of that office; (2) a conspiracy to intimidate or deter a party or witness in court; and (3) a conspiracy to deprive a person of rights, privileges, and the equal protection of the laws. 42 U.S.C. § 1985(1)–(3). As sections 1985(1) and 1985(2) plainly do not apply in this case, the Court assumes that plaintiff intends to assert a claim under section 1985(3). But even a section 1985(3) claim must fail here, where plaintiff's allegations of conspiracy are vague and conclusory. *See, e.g.*, Compl. ¶ 36 (alleging that defendant Wells Fargo "acted in league with the other Defendants"); *id.* ¶ 66 ("Defendants conspired . . . in violation of Section 1983, 1985 and 1986 . . . ."); *see also Browning*, 292 F.3d at 242. Moreover, as with the section 1983 claim, plaintiff has failed to plausibly allege that he is being deprived of any rights or privileges in the first place. So the section 1985 claim, too, will be dismissed.

---

4    Plaintiff's claims against Sheriff Hill in his individual capacity fail for the same reason.

Finally, section 1986 creates liability for a person who (1) has knowledge of a conspiracy to commit a wrongful act under section 1985, and (2) "neglects or refuses" to prevent that act. 42 U.S.C. § 1986. But plaintiff has failed to plausibly allege the existence of a conspiracy under section 1985, nor has he claimed that any defendant knew of such a conspiracy and "neglect[ed] or refuse[d]" to prevent any wrongful acts. Therefore, plaintiff's section 1986 claim will be dismissed.

B. *Plaintiff fails to state a claim for relief under the Uniform Commercial Code.*

Throughout the complaint and in the first COA, plaintiff alleges that various defendants have violated Uniform Commercial Code section 3-501, which concerns the presentment of promissory notes.[5] *See, e.g.*, Compl. ¶¶ 14, 19, 23–25, 30, 44, 56, 70; *see also* Ex. B to Compl. [Dkt. # 1-3] at 1 (letter from plaintiff to JPMorgan Chase demanding that the bank "exhibit the instrument" for his account "as required under UCC 3-501(b)(2) and the equivalent under [the] Virginia Commercial Code"). It is not clear that the Court needs to address these state law claims because there are no longer any questions remaining in this case that create federal jurisdiction.

But the claims are deficient in any event. Plaintiff's properties are located in Virginia, and "'mortgage foreclosure has traditionally been a matter for . . . state law.'" *Simpson v. Cleland*, 640 F.2d 1354, 1360 (D.C. Cir. 1981), quoting *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 361 (5th Cir. 1977). As adopted in Virginia, "the UCC 'expressly excludes the transfer of realty from its provisions,'" *Harrison v. U.S. Bank Nat'l Ass'n*, No. 3:12-CV-00224,

---

5   Plaintiff also makes reference to UCC sections 3-104, 3-106, 3-201, 3-203, 3-301, 3-305, and 3-309. *See* Compl. ¶¶ 11, 17, 19, 30, 36, 44. To the extent plaintiff makes any intelligible claims related to these provisions of the UCC, they are legal conclusions to which the Court owes no deference. *See Browning*, 292 F.3d at 242**.**

2012 WL 2366163, at *2 (E.D. Va. June 20, 2012), quoting *Greenwood Assocs. Inc. v. Crestar Bank*, 248 Va. 265, 270 (1994), and so UCC section 3-501 would not apply in this case.

In addition, the UCC-related claims are inextricably intertwined with – and appear to form the basis of – plaintiff's claims related to the consent judgment, which the Court has already determined must be dismissed. *See* Compl. ¶ 11 ("The Defendants Wells Fargo Bank, NA and their agent, US Bank,[6] have violated the [consent judgment], since their attorneys cannot establish their . . . property interest in the note for the [Virginia properties], pursuant to . . . UCC 3-501 . . . and the equivalent under state law."). Thus, for all these reasons, plaintiff's claims related to the UCC will be dismissed.

### C. Plaintiff's other claims are insubstantial and conclusory.

Plaintiff has sprinkled allusions to other causes of action throughout the complaint. *See, e.g.*, Compl. ¶ 66 (intentional infliction of emotional distress); *id.* ¶ 119 (the due process clause of the Fourteenth Amendment). To the extent that plaintiff intends to allege violations of the rights to which he refers, he has failed to plausibly allege facts that would support his claims. Therefore, the Court will dismiss the complaint in its entirety.

---

6   Plaintiff mentions U.S. Bank throughout the complaint, although that bank is not a defendant in this case. *See* Compl. ¶¶ 11, 36, 39–40, 122.

## CONCLUSION

In the complaint, plaintiff avers that "the loss of a persons [sic] home is one of the most traumatic things that anyone can experience." Compl. ¶ 66. The Court is sympathetic to that sentiment and to plaintiff's situation. But that does not mean that plaintiff has stated a claim for relief. And so, for the reasons stated above, the Court will grant defendants' motions and dismiss this case in its entirety. A separate order will issue.

        /s/ Amy B. Jackson
        AMY BERMAN JACKSON
        United States District Judge

DATE:  December 4, 2014